**DISMISS and Opinion Filed August 26, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00536-CV

**ADOLFO ALEMAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F14-34871**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Nowell
Opinion by Chief Justice Burns

On April 22, 2019, Adolfo Aleman filed a notice of appeal of the trial court's post-judgment "garnishment order directing the removal of money from his trust fund account." Specific to this appeal, appellant claimed he was ordered "on November 13, 2018 by the 292nd District Court in cause no. F-1434871-V, [to] pay court cost[s] in the amount of $293.00 and fine in the amount of $1,000.00." He argues there was "no pleading, no proper writ of garnishment, no notification, no warning, and no opportunity to respond."

The clerk's record shows appellant was charged with fraudulent use or possession of identifying information. Appellant entered into a plea bargain agreement with the State, and on September 23, 2015, the trial court found him guilty and assessed punishment at five years in prison, probated for four years, and a $1,000 fine. The trial court also assessed court costs of $249.

In November 2018, the State filed a motion to revoke appellant's community supervision, stating he had violated eleven different conditions of probation. On November 13, 2018, after appellant pleaded true to the State's allegations, the trial court assessed punishment at five years in prison. The trial court did not assess a fine or impose court costs in its November 2018 judgment. Nothing in the clerk's record shows the trial court authorized the withdrawal of any funds from his inmate account or that appellant's inmate account was garnished. In light of this, we sent a letter to the parties asking for letter briefs addressing how we had jurisdiction over the appeal. Neither appellant nor the State responded.

A withdrawal notification directing prison officials to withdraw money from an inmate trust account pursuant to section 501.014(e) is a civil matter. *Harrell v. State*, 286 S.W.3d 315, 317-19 (Tex. 2008); *see also Johnson v. Tenth Judicial District Court of Appeals at Waco*, 280 S.W.3d 866, 869 (Tex. Crim. App. 2008) (holding that withdrawal of funds from inmate trust accounts is not a criminal matter). Due process entitles an inmate to receive notice and an opportunity to be heard, even though those requirements might be accorded the inmate after funds are withdrawn. *Harrell*, 286 S.W.3d at 321. Due process concerns are not implicated when, as here, the trial court's judgment does not impose a fine or assess court costs, and there is nothing to evidence that funds were removed or withdrawn from an appellant's inmate account.

We dismiss this appeal.


/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE


190536F.P05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ADOLFO ALEMAN, Appellant

No. 05-19-00536-CV     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F14-34871.
Opinion delivered by Chief Justice Burns,
Justices Molberg and Nowell participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered August 26, 2019